IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | No. 3:22cv329 |
| CAROLYN J. FLORIMONTE : | |
| CHAPTER 7 DEBTOR : | (Judge Munley) |
| : | |

SCRANTON LAMINATED LABELS, :
INC.; SCRANTON LABEL; and :
EDMUND J. CARR, :
                Appellant :
                                          :
      v. :
                                          :
CAROLYN J. FLORIMONTE, :
                Appellee :

## MEMORANDUM

Before the court for disposition is the bankruptcy appeal filed by Scranton Laminated Labels, Inc.; Scranton Label; and Edmund J. Carr (hereinafter "Appellants" or "creditors"). Creditors challenge a February 22, 2022 decision of Bankruptcy Judge Henry Van Eck. Also pending are several *pro se* motions filed by Carolyn J. Florimonte (hereinafter "creditor" or "Appellee") including a motion to dismiss, motion for summary judgment, and motion to expedite. The parties have briefed their respective positions, and the matter is ripe for disposition.[1]

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

**Background**[2]

Debtor filed the underlying Chapter 7 bankruptcy on June 3, 2015. (Doc. 3-9, Bankruptcy Memo. and Op. dated Feb. 22, 2022 at 2).[3] Creditors employed debtor until her termination on April 18, 2003. (Id.) She filed for unemployment compensation, and she was denied. (Id.) Then she filed a claim of discrimination with the Pennsylvania Human Relations Commission ("PHRC") against Scranton Label. (Id.) This claim was denied. Finally, she filed a civil lawsuit against creditors. (Id.) She asserted claims of gender discrimination, retaliatory discharge and hostile working environment in violation of federal and state law. (Id.) On March 15, 2010, that case ended with a non-jury verdict in favor of creditors and against debtor. (Id.)

Subsequently, creditors filed a state court action against debtor in the Court of Common Pleas of Lackawanna County on April 5, 2010. (Id. at 3). They alleged wrongful use of civil proceedings related to the debtor's unsuccessful administrative and civil actions against them. (Id.) Ultimately, a jury found in favor of creditors and found that the debtor "acted in a grossly negligent manner

---

[2] We adopt these facts from the bankruptcy judge's decision as they do not appear to be in dispute.
[3] This document contains two sets of page numbers. One set of page numbers is located at the top right-hand corner of each page and is generated by filing with the court's ECF system. The other set of page numbers is located at the bottom right-hand corner and is the page numbering made by the bankruptcy judge. For purposes of clarity, the court will refer to the page numbers in the bottom right-hand corner of the document.

or without probable cause, and primarily for a purpose other than that of securing the adjudication of her claims, when she initiated or continued proceedings against [Carr and Scranton Label]." (Id.) (quoting the Jury Verdict Slip from the State Court Action). The jury awarded creditors a total of $37,404.03 in compensatory damages and $7,595.97 in punitive damages, finding that debtor's action was "outrageous." (Id.) The state court trial judge affirmed the jury's award and denied the debtor's motion for post-trial relief on April 4, 2013. (Id.)

Debtor filed a Chapter 7 bankruptcy petition on June 3, 2015 and listed Scranton Label as a creditor with a $52,917.71 claim against her on schedule F. (Id.) She later moved the claim to Schedule D and added Carr's claim for the same amount. (Id.)

On September 8, 2015, the appellants filed an adversary proceeding in the bankruptcy court regarding whether the jury verdict award of $52,917.71 is discharegable in debtor's bankruptcy. (Id. at 4). The bankruptcy court held a one-day trial. The issue faced by the bankruptcy court was whether the state court judgment is a dischargable debt pursuant to section 523 of the Bankruptcy Code. (Id.) The court found in favor of debtor and held that the appellant's claim to the jury verdict award is dischargable as part of debtor's bankruptcy. (See generally Doc. 12-1, Bankruptcy Memorandum and Opinion dated Feb. 22, 2022). The present appeal followed.

**Jurisdiction**

This court has jurisdiction over the instant bankruptcy appeal pursuant to 28 U S C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts.

**Standard of review**

This court reviews the bankruptcy court's conclusions of law *de novo*. In re O'Brien Env't Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. BANK. RULE 8013 ("On appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

Appellant's argument involves the application of section 523(a)(6) of the Bankruptcy Code, which provides that a Chapter 7 bankruptcy "does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §

4

523(a)(6). The creditors, here the appellants, bear the burden to prove the elements of section 523 by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Additionally, "like all exceptions to discharge under § 523, subsection (a)(6) is construed strictly against creditors and liberally in favor of debtors." In re Webb, 525 B.R. 226, 232 (Bankr. M.D. Pa. 2015).

The Supreme Court discussed the elements of section 523(a)(6) in Kawaauhau v. Geiger, 523 U.S. 57 as follows:

> The word "willful" in [section 523](a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.*, "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intended "the *consequences* of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964) (emphasis in original).

Kawaauhau, 523 U.S. at 61.

Thus, here, appellants must prove by a preponderance of the evidence that the jury awarded the damages "for willful and malicious injury" perpetrated by the debtor, or in other words, whether the jury awarded damages for an intentional tort rather than a negligent or reckless tort. Creditors argue that the jury verdict rendered in the Court of Common Pleas of Lackawanna County, wherein the jury found debtor liable for abuse of process, should act as collateral estoppel on the

5

issue of whether she caused willful and malicious injury. Because the state court verdict, according to the creditors, establishes a willful and malicious injury then they have met their burden to establish that section 523(a)(6) applies. After a careful review, the court disagrees.

Under Pennsylvania law, the doctrine of collateral estoppel or issue preclusion applies where the following elements are met:

> (1) when the issue in the prior adjudication was identical to the one presented in the later action; (2) when there was a final judgment on the merits; (3) when the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; (4) when the party against whom it is asserted has had a full and fair opportunity to litigate the issue in a prior action; and (5) when the determination in the prior proceeding was essential to the judgment.

Callaghan v. W.C.A.B (City of Philadelphia), 750 A.2d 408, 412 (Pa. Commw. Ct. 2000).

In dispute here is whether the issue in the prior adjudication, that is the trial in state court, is identical to the issue presented here. That is, does a finding that the debtor engaged in wrongful use of civil proceedings mean that she acted willfully and maliciously such that the debt created by the verdict is nondischargeable.

Pennsylvania codified the elements necessary to establish wrongful use of civil proceedings in "The Dragonetti Act," 42 PA. CONS. STAT. § 8351, which provides as follows:

6

> **§ 8351 – Wrongful use of civil proceedings**
>
> **(a) Elements of action.** - - A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
> (1) *he acts in a grossly negligent manner or without probable cause and* primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 PA. CONS. STAT. § 8351 (italics added).

Punitive damages are allowed under this act. 42 PA. CONS. STAT. § 8353(6).

The language provided on the verdict slip tracked the language of the above-quoted statute. Specifically, on the verdict slip, the jury answered the following question:

> **Question 1:**
> Do you find that the Defendant, Carolyn J. Florimonte, acted in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper adjudication of her claims when she initiated or continued civil proceedings against Plaintiff's Scranton Laminated Label, Inc. d/b/a Scranton Label, Inc. and Edmund J. Carr?

(Doc. 7, at 14, Jury Verdict Slip)The jury checked "Yes".

Also, the jury found that the debtor's conduct was "outrageous" so as to support an award of punitive damages in the amount of $7,595.97. (Id. at 15-16).

The bankruptcy judge explained, and this court agrees, that the verdict slip "gave the state court jury the power to find for the [creditors] if [the debtor] had

7

acted *either* in a grossly negligent manner *or* without probable cause and primarily for a purpose other than that of securing the proper adjudication of her claims. That is, it is not impossible that the jury found for the [creditors] because it believed [the debtor] had committed an intentional tort." (Doc. 3-9, Bankruptcy Memo. and Op. dated Feb. 22, 2022 at 8).

For purposes of collateral estoppel, the issue previously litigated must be identical to the issue sought to be precluded. The creditors argue that based upon the verdict slip that the award of punitive damages, attorney's fees, pecuniary damages, emotional distress damages, and that concluding that debtor's conduct was outrageous indicates that the verdict should be interpreted as finding that debtor committed an intentional tort rather than acting grossly negligent. We disagree. The verdict slip makes clear, in using the language from Pennsylvania's Wrongful Use of Civil Proceedings Statute that the jury could find the debtor grossly negligent and still find her liable. Thus, it appears that the verdict does not establish that the debtor acted willfully and maliciously. She could have rather acted in a grossly negligent manner.

In support of their position, the creditors cite to an unpublished, non-precedential opinion of the Third Circuit Court of Appeals which explained that malicious prosecution codified by the Dragonetti Act requires more than proof of gross negligence but requires proof of actual malice or improper motive. Regent

Ins. Co. v. Strausser Enters., 814 F.App'x 703, 705 (3d Cir. 2020). This case is distinguishable on several counts. First, it dealt specifically with the tort of malicious prosecution, which is not the cause of action at issue here. Id.; (See Doc. 7, Creditors Br. at 2) (indicating the causes of action at issue here are wrongful use of civil proceedings and abuse of process).[4] Additionally, in the instant case, the trial court specifically permitted the jury to find for the creditors if they concluded that the debtor acted with gross negligence. (See Verdict Slip, question 1).

Thus bearing in mind that the section 523(a)(6) is construed strictly against creditors and liberally in favor of debtors, the court agrees with the bankruptcy judge that "the evidence actually adduced clearly shows that the state court judgment was one that could be based on either gross negligence or willful misconduct, and an essential element of the nondischargeability claim – willful conduct – is not proven." (Doc. 3-9, Bankruptcy Memo. and Op. dated Feb. 22, 2022 at 9). Because the state court judgment is not the same issue as presented here, collateral estoppel does not apply and the creditors have not met their burden to establish that section 523(a)(6) applies. Accordingly, the creditors' bankruptcy appeal will be denied.

---

[4] Moreover, to have a claim of malicious prosecution, a criminal proceeding must have been initiated. Gallucci v. Phillips & Jacobs, Inc., 614 A.2d 284, 290 (1992). Here, there were no criminal proceedings initiated.

9

**Miscellaneous Motions**

Also pending are various motions filed by the *pro se* debtor. She filed a motion to dismiss on April 14, 2022 (Doc. 4), which the court deemed withdrawn as she filed no brief in support of the motion. (Doc. 6). On January 18, 2023, eight months after the appeal had been fully briefed, and the motion to dismiss deemed withdrawn, debtor filed a motion for leave to file a brief in support of motion to dismiss. (Doc. 9). This motion will be denied. The motion is in effect a motion for reconsideration of the court deeming the motion to dismiss withdrawn. A motion for reconsideration must be filed within fourteen (14) days of the order at issue. L.R. 7.10. Debtor's motion is untimely as it was filed 264 days after the motion to dismiss was considered withdrawn.

On March 10, 2023, after the bankruptcy appeal had been fully briefed for ten (10) months, debtor filed several exhibits which the Clerk of Court docketed as a "motion to dismiss." (Doc. 12). To the extent that this filing can be deemed to be a motion, it will be denied. It contains merely exhibits and a proposed order and as such is not a proper/complete motion. Additionally, it is very much in doubt whether a motion to dismiss would be appropriate after the appeal was fully briefed.

Also pending is a motion for summary judgment filed by the *pro se* debtor. (Doc. 15). This motion was filed approximately a year and a half after the parties

had briefed the merits of the case. Thus, the court will deny it as untimely, without making any decision as to whether it is proper to file a motion for summary judgment in a bankruptcy appeal.

Finally, debtor filed a motion to expedite (Doc. 21) on January 31, 2024. This motion will be denied as moot.

**Conclusion**

Accordingly, based upon the above analysis, the creditors' appeal will be denied, and the debtor's miscellaneous motions will be denied. An appropriate order follows.

Date: 2/22/24

JUDGE JULIA K. MUNLEY
United States District Court